NO 03-14-00394-CR

IN THE COURT OF APPEALS
FOR THE THIRD JUDICIAL DISTRICT OF TEXAS

FILED
December 29, 2014
Third Court of Appeals
Jeffrey D. Kyle
Clerk

RECEIVED
DEC 29 2014
THIRD COURT OF APPEALS
JEFFREY D. KYLE

MARCUS DEWAYNE BRAGGS
( APPELLANT )

VS

THE STATE OF TEXAS

( RESPONDENT )

APPELLANT PRO-SE APPEAL BRIEF

ON APPEAL FROM THE 27th JUDICIAL DISTRICT COURT
OF BELL COUNTY TEXAS
THE HONORABLE JUDGE JOHN GRUNTH PRESIDING

MARCUS DEWAYNE BRAGGS
D.O.C # 1936585         D.O.B 06-24-85
Hutchings UNIT
1500 LANGDON ROAD
Dallas Texas 75 241

# TABLE OF CONTENT

| Title | Page |
|---|---|
| STATEMENT OF FACTS | 1 |
| PROFESSIONAL EVALUATION OF THE RECORD | 2 |
| FACTUAL BACKGROUND | 2-6 |
| SUFFICIENCY OF THE INDICTMENT | 6-7 |
| JURISDICTION, VENUE AND LIMITATION | 7-8 |
| ADVERSE PRE TRIAL RULINGS AFFECTING TRIAL COURT | 8 |
| JURY SELECTION | 8 |
| ADVERSE RULINGS DURING TRIAL ON OBJECTION OR MOTION | 8-10 |
| JURY INSTRUCTION | 10-11 |
| ADVERSE RULINGS ON POST TRIAL MOTIONS | 11 |
| SUFFICIENCE OF THE EVIDENCE | 11-12 |
| REVIEW OF SENTENCE IMPOSED | 12-13 |
| FIRST POINT OF ERROR | 14-15 |
| ARGUMENT AND AUTHORITY | 15-16 |
| SECOND POINT OF ERROR | 17 |
| THIRD POINT OF ERROR | 17-18 |
| FOURTH POINT OF ERROR | 19 |
| PRAYER | |
| EXHIBIT (A) (B) (C) (D) | |
| CERTIFICATE OF SERVICE | 23 |

# TABLE OF CASES

BASTON V KENTUCKY . . . . . . . . . . . . . . . . . . . . . . . 17

CHAPMAN V US 469 F2d 634 (5th cir 1972 . . . . . . . . . 16

EVITTS V LUCEY US 387, 105 SCt 830 (1985) . . . . . . . 16

EX PARTE DUHAM 650 SW2d 825 (Tex crim App 1983) . . . . . . 16

EX PARTE GOODALL 632 SW2d 750 (Tex crim APP 1982) . . . . . . 16

EX PARTE MORRIS 591 SW2d 904 (Tex crim APP 1980 . . . . . . 16

EX PARTE TULLOS 476 SW2d 689 (Tex crim App 1972 . . . . . 15

LOUISANA V CREGG . . . . . . . . . . . . . . . 19

STRICKLAND VS WASHINGTON 466, US 668, 104 SCt 2032 (1984 . . 16

Texas Rule of Appellat Procedure 33.1 . . . . . . . . . 10

TEXA PENAL CODE SECTION 30.02 (A)(3) . . . . . . 6,11

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

COMES NOW MARCUS DEWAYNE BRAGGS the APPELLANT IN THE Above styled And numbered CASE Files this PRO-se Appellant Brief Pursuant To THE TEXAS Rules OF Appellate Procedures And In support Of This Appellant Brief And INSUPPORT Thereof The Appellant would show As Follows.

## STATEMENT OF FACTS

This is An APPEAL FROM A JURY TRIAL Wherein APPELLANT MARCUS DeWAYNE BRAggs was Found guilty OF HAViNG Committed The offense of Burglary OF A Habitation. The Appellant Also entered A Plea OF TRue to HAViNG one PRIOR FINAL FELONY CONVICTION Resulting in his being Found to be A Repeat offender As Alleged in The INdictment And Thereafter The Trial Court Judge sentenced the Appellant To Fifteen Years WithiN The Texas Department OF Criminal Justice Institutional Division And ON OR About The 28th day of May 2014, The Appellant filed A WRitten NOTICE Of Appeal, And THE TRiAL court Certified that The APPellant hAs The Right To APPeal.

(1)

## PROFESSIONAL EVALUATION OF THE RECORD

On April 15, 2014, Braggs was adjudged guilty of the Second Degree Felony offense of Burglary of a Habitation.[7] That same day, Braggs pled true to the second paragraph of the indictment which alleged a prior felony conviction.[8] On May 28, 2014, the trial court sentenced Braggs to fifteen years in prison.[9] The following is counsel for Appellant's professional evaluation of the record in this case:

### Factual Background

This appeal follows Braggs' conviction for burglary of a habitation.[10] The evidence adduced at trial by the State was as follows:

Margie Carlton testified that on the date of the offense, she lived in a duplex apartment near her daughter.[11] In the early morning hours of that day, Carlton had visited with her daughter, who lived six apartments down from her apartment, and she had begun walking back towards her own apartment.[12] As she neared her home, she noticed her next-door neighbors' windows to be broken and the back door appeared to have been left open.[13] Carlton also identified Braggs as another

---

[7] C.R. 52-54; 6 R.R. 166-167
[8] 6 R.R. 168
[9] 7 R.R. 28-29; C.R. 52-54
[10] C.R. 52-54
[11] 5 R.R. 14-15
[12] *Id.*
[13] *Id.* at 15-18

2

one of her neighbors, and she also identified him in-court as the defendant.[14]

Patrol Officer Debreah Chism testified that she responded to the call which led to this case, and that when she arrived at the duplex she could see that the windows were broken and that the back door was open, at which time she called for another officer.[15] Chism and the other officer "cleared" the duplex and confirmed that no one was inside.[16] Chism testified that the residence was located in Killeen, Bell County, Texas.[17] Chism also took fingerprints.[18] Chism also spoke with the owner of the residence, and he identified items which had been taken.[19] Among those items were approximately 95 DVDs and a 52-inch television.[20]

Edward Barfield, Evidence Manager and fingerprint examiner for the Killeen Police Department, testified that a palm print taken from the scene matched a known print belonging to Braggs.[21]

Patrol Officer Albert Haas, Jr. testified that his work duties are with the Burglary Unit of Killeen Police Department, and this led to him working on this case.[22] Haas began investigating this case with the knowledge that Braggs' palm

---

[14] *Id.* at 19.
[15] *Id.* at 20-22
[16] *Id.* at 23
[17] *Id.*
[18] *Id.* at 27-31
[19] *Id.* at 27
[20] *Id.* at 27, 43-44
[21] 6 R.R. 6, 13-25
[22] *Id.* at 31-32

print had matched a palm print taken from the scene of the burglary.[23] Haas did a search on Braggs' name in an online database which tracks pawned items.[24] As a result of his search, Haas learned that Braggs had pawned eighteen movies and one video game on the same day as this burglary.[25] Haas contacted the victim of the burglary, and he stated that the pawned items were items which belonged to him.[26] On cross-examination, Haas admitted that the date of birth shown on the pawn ticket was not the same as Braggs', and further that the signature on the ticket is not similar to Braggs' signature found elsewhere.[27]

Kyle Kelley testified that on the date of the offense he was working at a business known as Game Exchange, and at that business he had engaged in a transaction with Braggs.[28] On cross-examination, Kelley admitted that he did not recall the specific transaction with Braggs and that the date of birth discrepancy had not been noticed, and was likely an error made by another employee.[29]

Elizabeth Estrada testified that she is the area manager for Game Exchange.[30] She described part of her job duties as being the custodian of records

---

[23] *Id.* at 35-36
[24] *Id.*
[25] *Id.* at 36
[26] *Id.* at 37
[27] *Id.* at 50
[28] *Id.* at 53-54
[29] *Id.* at 63-64, 69-70
[30] *Id.* at 78

for Game Exchange.[31] She was the one who provided the receipt to Detective Haas.[32] Estrada also testified that if no date of birth is entered into an account when it is setup in their system, the default is January 1, 1950 (the date shown as the date of birth for Braggs; indicating that no date of birth was actually entered for him at the time the account was created).[33] She also testified that the receipt reflected one video game and eighteen movies had been pawned to them on the date in question.[34]

Finally, Nicolas Koonce, testified that on the date of this incident, he lived at the residence the subject of this case.[35] Koonce testified that a television, some movies and at least one video game had been taken in the burglary.[36] Koonce reviewed the list of pawned items with Detective Haas and he believed the items were his items which had been taken during the burglary.[37] Koonce did not know Braggs at the time, and did not give him permission to be inside his residence or to take the items which had been stolen.[38]

Braggs, during opening argument, indicated that the evidence regarding the palm print (found on the outside of the residence) and the pawning of the items

---

[31] *Id.* at 80
[32] *Id.* at 87-88
[33] *Id.* at 90-91
[34] *Id.* at 95-96
[35] *Id.* at 116-118
[36] *Id.* at 123
[37] *Id.* at 125-126, 130-131
[38] *Id.* at 126

was going to be contested (the items pawned were not identifiable as the specific items stolen from the residence, and that the identity of the person who sold the items to the third party was uncertain).[39] Braggs' presentation of evidence in this regard was through cross-examination of the State's witnesses.

Sufficiency of the Indictment

The indictment filed against Braggs alleged that on June 26, 2012, Braggs "did then and there intentionally or knowingly enter a habitation, without the effective consent of Nicolas Koonce, the owner thereof, and attempted to commit or committed theft of property, to-wit: dvd's and video game, owned by Nicolas Koonce."[40]

The offense of Burglary of a Habitation, as alleged in the indictment, is found in Texas Penal Code Section 30.02(a)(3).[41] That section states, in part, that a person commits an offense if, without the effective consent of the owner, the person... enters a building or habitation and commits or attempts to commit a felony, theft, or an assault."[42]

The general rule is that an indictment which tracks the statutory language proscribing certain conduct is sufficient to charge a criminal offense.[43] Here, the

---

[39] 5 R.R. 11-12
[40] C.R. 4-5
[41] (West 2012)
[42] Id.
[43] State v. Edmond, 933 S.W.2d 120, 127 (Tex. Crim. App. 1996) (en banc); See also, Hatch v. State, 174 S.W. 1062, 1064 (Tex. Crim. App. 1915)

6

indictment does so.

Further, there were no objections filed or made against the indictment in this case by Braggs. The Texas Code of Criminal Procedure requires that any objection to a defect, error, or irregularity of form or substance in an indictment must be made before the date on which the trial on the merits commences; otherwise the defendant waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal.[44] Thus, the indictment is sufficient.

## Jurisdiction, Venue & Limitations

This case was indicted by the Grand Jury of Bell County, Texas and filed in the 426th Judicial District Court on April 10, 2013.[45] The presentment of an indictment to a court invests the court with jurisdiction of the cause.[46] The judgment in this case was entered by the 27th Judicial District Court of Bell County, Texas, on May 28, 2014.[47] The 27th Judicial District Court and the 426th Judicial District Court have concurrent jurisdiction in Bell County.[48] Thus, jurisdiction was proper in the trial court below.

The indictment did allege that the offense was committed in the county wherein the prosecution was carried on.[49] To sustain an allegation of venue, it is

---

[44] Tex. Code Crim. Proc. art. 1.14 (West 2014)
[45] C.R. 4-5
[46] Tex. Const. Art. V, § 12
[47] C.R. 52-54
[48] Tex. Gov't Code § 24.129(b) (West 2014)
[49] C.R. 4-5

7

only necessary to prove by a preponderance of the evidence that by reason of the facts in the case, the county where such prosecution was carried on had venue.[50] The testimony at trial was that the acts which led to this case being brought against Braggs all occurred within Bell County, Texas.[51] Thus, venue was proper in the trial court below.

The statute of limitations for the offense of burglary of a habitation is five years.[52] The offense was alleged to have occurred on June 26, 2012.[53] The indictment was filed April 10, 2013.[54] Thus, the five year limitations period was satisfied in this case.

<u>Adverse Pretrial Rulings Affecting the Course of Trial</u>

The trial court's docket reflects that there were no adverse pretrial rulings in this case.[55]

<u>Jury Selection</u>

The voir dire transcript reflects that there were no adverse rulings made.[56]

<u>Adverse Rulings During Trial on Objections or Motions</u>

1. *Admission of a Leading Question on Direct of a Witness by the State*

Braggs objected to the State's leading of a State's witness. Specifically,

---

[50] Tex. Code Crim. Proc. art. 13.17
[51] 5 R.R. 23
[52] Tex. Code Crim. Proc. art. 12.01(4)
[53] C.R. 4-5
[54] C.R. 4-5
[55] C.R. 61
[56] 4 R.R. 1-105

8

Braggs objected to a question by the State of Officer Debreah Chism.[57] During the first day of trial, the following exchange occurred:

> State: "So you would have checked it anyway, but certainly once you saw those prints that could be partially seen—
> Braggs: "Your honor, I've been pretty lenient here, you know, but I think counsel is leading the witness a little excessively."
> The Court: "Overruled."

The objection was that the question was leading. Texas Rule of Evidence 611(c) generally prohibits leading questions on direct examination of witnesses "except as may be necessary to develop the testimony of the witness."[58]

It is not clear why the trial court overruled the objection. It certainly appears that the question was headed in the direction of being a leading question, but Braggs objected prior to the conclusion of the question. Perhaps the trial court felt that it was necessary to develop the testimony of the witness. After being overruled, the State asked one more question and passed the witness.[59] The bottom line is that it is not clear what harm resulted from the overruling of his objection, as Braggs clearly stated that he had been "pretty lenient" in allowing many leading questions prior that one objection.

2.    *Admission of number of transactions made by Appellant*

Braggs objected to the State asking the Game Exchange area manager,

---

[57] 5 R.R. 37
[58] Tex. R. Evid. 611 (West 2014)
[59] 5 R.R. 37

Elizabeth Estrada, how many transactions Braggs engaged with Game Exchange during part of 2012.[60] Braggs objected to relevancy, the State responded that the defense brought up the issue, and the trial judge agreed that "It's in issue" and overruled the objection.[61] The State then repeated the question and Braggs made no objection that time.

It is a general rule that "almost every right, constitutional and statutory, may be waived by the failure to object."[62] Texas Rule of Appellate Procedure 33.1 requires an appellant to show a complaint before the trial court.

Here, Braggs objected once, but not the second time. Thus, the error, if any, was waived.

3.    *Other Adverse Rulings During Trial on Objections or Motions*

There were no other adverse rulings during the course of the trial on either objections or motions by Braggs. To be certain, both the State and Braggs made other objections, but the record does not demonstrate that any of those preserved anything for appellate review.

<u>Jury Instructions</u>

At the conclusion of the charge conference, both the State and Braggs stated

---

[60] 6 R.R. 92
[61] *Id.*
[62] *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986)

that they had no objections with the charge as prepared.[63]

In this case, the jury charge tracks the language of the indictment and correctly includes the statutory elements of the offense. Further, the definitions, instructions and application of the law to the facts of this case was done properly. Regardless, as there was no objection to the charge, the general rule is still that "almost every right, constitutional and statutory, may be waived by the failure to object."[64] Texas Rule of Appellate Procedure 33.1 requires an appellant to show a complaint before the trial court.

<u>Adverse Rulings on Post-Trial Motions</u>

The trial court's docket reflects that there were no post-trial rulings in this case.[65]

<u>Sufficiency of the Evidence</u>

As stated above, the offense for which Braggs was convicted was burglary of a Habitation as a repeat offender, and that offense is found in Texas Penal Code Section 30.02(a)(3).[66] The relevant elements of that offense are: 1) a person, 2) without the effective consent of the owner, 3) enters, 4) a habitation, and 5) commits theft.[67] The indictment further alleged that the offense occurred on or

---

[63] 6 R.R. 143-144
[64] *Smith*, 721 S.W.2d at 855
[65] C.R. 65
[66] (West 2012)
[67] *Id.*

11

about June 26, 2012; and that it occurred in Bell County, Texas.[68]

The testimony admitted during this trial showed that Braggs was the person alleged to have committed the offense. Nicolas Koonce testified that on the date of this incident, he was the owner of a residence in Bell County, Texas.[69] Koonce testified that a television, some movies and at least one video game had been taken from the inside of his residence.[70] Kyle Kelley testified that on the date of the offense, he was working at the Game Exchange and engaged in a transaction of the items with Braggs, who pawned them to the Game Exchange.[71] Koonce reviewed the list of pawned items with Detective Haas and he believed the items were his items which had been taken during the burglary.[72] Koonce did not know Braggs at the time, and did not give him permission to be inside his residence or to take the items which had been stolen.[73]

Having found some evidence for each of the elements of the offense, it appears that the evidence was sufficient to support the trial court's findings in this case.

Review of Sentence Imposed

The trial court sentenced Braggs to fifteen years in the Institutional Division

---

[68] C.R. 4-5
[69] 5 R.R. 23; 6 R.R. 116-118
[70] 6 R.R. 123
[71] 6 R.R. 53-54
[72] *Id.* at 125-126, 130-131
[73] *Id.* at 126

of the Texas Department of Criminal Justice.[74] The offense of burglary of a Habitation is normally a second degree felony offense.[75] However, Braggs pled true to a prior felony conviction.[76] The punishment range on a repeat second degree felony offense is that of a first degree felony offense.[77] The trial court found the prior felony convictions to be true.[78] Therefore, the punishment range was elevated to a minimum of 5 years to a maximum of 99 years, or life, in prison.[79]

Braggs was sentenced to fifteen years, which is within the punishment range available to the court upon a finding of guilt in this case. Because fifteen years is a sentence which is within the punishment range available to the court upon a finding of guilt in this case, there is no error regarding the sentence imposed.



### Other Errors Rising to Level of Plain Error



After reviewing the entire record of the case from below, there appears to be no other errors which rise to the level of plain error.

---

[74] C.R. 52-54
[75] Tex. Penal Code § 30.02(c)(2) (West 2012)
[76] 6 R.R. 168
[77] Tex. Penal Code § 12.42(b) (West 2014)
[78] 6 R.R. 168; 7 R.R. 28-29
[79] Tex. Penal Code §§ 12.42(b), 12.32 (West 2014)

# FIRST POINT OF ERROR

IT IS The APPILANTS CONTENTION That his ATTORNEY OF SAid Record At TRIAL Rendered himself INEFFECTIVE Assistance OF COUNSEl when The Attorney OF Record FAiled to Secure A Ruling ON weTher OR NOT the APPEllant was competent At The Time The nileged crime was committed

The TRIAL Records Reveal that there was Evidence that 'At ONE POINT IN TIME. The APPEllANT WAS FOUND TO be Incompetant To Stand TRIAL, And was Sent To MONTgomerY COUNTY Mental Health Treatment FACILITY

AFTer being Evaluated For (130) days The Doctors Found that The APPEllANT had Regained his SANITY; However NO Finding was MAde As To weTher or NOt the APPEllANT was COMPETANT 'At The Time OF The Commission of The offense, NOr weTher or NOt APPEllant had The Mental CULPABILITY to know wether his ACTIONS Are the diffeent between Right And WRONG

The ATtorney OT Said Record ORiginally Filed A motion For PSYChIATRIC EXAminotion (See) Attached Exhibit (A)

The defendant Shows The COURT ORdered APPOINTINg DIS INTERested ExPert To EXAMINE DEFendant For compet-ency See Exhibit (B)

The defendant APPEllANT ATTorney Entered ON Agreement WITH The State To have The APPEllANT Committed To A NON - Secure FACILITY For PSYYChIATRIC EVALATIoN

(See ) Exhibit (C)

The Appellant shows that on the 3rd day of Sept 2013, the Appellant was found to be compestent to stand Trial After being Treated at the Montgomery County Mental Health Treatment Facility for a period of (130) days see exhibit (A)

It is clear by the Record that at one point in time the Appellant was not compentant to stand Trial ; However Nothing in the Record indicates that it was found that the Appellant was in fact compentant at the Time the crime was committed.

It is Appellants contention that his Trial Attorney was ineffective Assistance Assistance of counsel for not Raising this issue.

It is also the Appellants contention that his Appeal Attorney was also ineffective Assistance of counsel for not Raising this issue and Actually Abandoned the Appellant on Appeal

ARGUMENT AND AUTHORITY

In EX PARTE JUDDS 476 SW2d 689 (Tex Cri App 1972) The defendant ask his court appointed Attorney to Appeal his case ; However the Attorney did Absolutely Nothing in Regards to the Appeal. The court Granted Relief saying that the defendant had been denied effective Assistance of counsel

15

IN EXPART Goodall 632 SW2d 750 (Tex Crim APP 1982)
Out of Time APPeal granted where the defendant APPellate Attorney
was INeffective for Failure To Timely File a brief.

IN Evitts v Lucey 469 US 387, 105 Sct 830 (1985) the defendant
IS ENTITled TO Effective Assistance of counsel on APPeal when the
State Provides A First APPeal As A matter of Right

IN Ward v State 740 SW2d (Tex Crim APP 1987) Unless Permitted To withdraw, The Trial Attorney has a duty To Fully Advise Client on APPeal matters

IN Chapman v US. 469 F2d 634 (5th Cir 1972) The
defendant was denied Effective Assistance of APPeal Since his
Attorney Failed To File A brief or Present Oral Argument
And did not Tell The defendant, Nor The Court that he was leaving
The case

IN Ex Parte Dunham 650 SW2d 825 (Tex Crim APP 1983)
And Ex Parte Morse 591 SW2d 904 (Tex Crim APP 1980) both
Emphasize that A law Yers Lack of Time To Prepare For Trial
IS one of Several Factors that could lead To habeas
corpus Relief, but This Factor Alone may Not be enought To
Mere Relief.

Strickland V Washington 466 US 668, 104 Sct 2052, 1984
where A Criminal Defendant is Entitled to Effective Assistance
of Counsel both At Trial And on APPeal

## Second Point of Error

It is the appellants contention that he is a member of the Black Race and is a member of a distinct racial group and shows that during the vior dire jury selection several blacks were stuck off the jury and those stracks were racially movated in violation of what was handed down in <u>Baston</u> v <u>Kentucky</u>

The appellant shows that his trial counsel was in effective assistance of counsel for failling to lodge a timely Baston objection to the states attorneys stracking of blacks off the jury when those stracks were racially motivated

## Third Point of Error

It is the appellowts contestion that there was insufficent evidence to affirtive link the items at the Game Exchange to the items takes in the Burglary.

Nicolas Koonce testified that on the date of this incident he was the owner of the residence in Bell County Texas. He testified that a television, some movies, and at least one video game had been taked from inside the residence.

Kyle Kelley testified that on the date of the offense he was working at the Game Exchange and engaged in a transaction of items with the appellant who pawned the items to Game Exchange

(17)

K once Reviewed the List of Pawned items with Detective Hass, and he believes the items were his which had been taked during the burglary.

First and formost if one review the Testimony at Trial the Police officer testified that on the day of the incident that he had not ask the Alledged victim for a List of the Missing property; so what we have is the police officer telling the Alledged victim what items the appellant pawned that day, and the Alledged victim saying I believe those items belonged To me.

There is nothing in the Record to Affirmtively link the items at the pawnshop to those items taken in the Burglary. There was no serial number on the items and no identifiable markes on those items to affirmative Link those items to the burglary

The Appellant shows that there was also a disparity in the Birth date of the person who pawn those items and the appellants birth date which Raises the issue of Reasonable doubt as to wether or not the appellant was the person in fact who had previously pawned those items

Evidence at the Trial also indicated that other finger prints not belonging to the victim nor the appellant was found inside the Resident which indicate that there is A Reasonable Hypothises that some one else could have committed the burglary.

18

## FOURTH POINT OF ERROR

IT IS THE APPELLANTS CONTENTION that the states Attorney during The Vior Dive And Again In The Closeing Arguement Made A Improper comment And gave The Jury An Improper Defination

OF Reasonable Doubt that lossed the Standard Of Proof Necessary to Find a Person Guilty beyond a Reasonable doubt

The United state Gave a defination Of Reasonable doubt In Louisana V Cross

WHEREFORE PREMISES Considered the Appellant Prays that This Honorable Court Would First Rule that the Appellant Counsel was Ineffectve Assistace Of Counsel For not Pefecting The Issues Raised hoein This Brief That Surely If A layman At Law Coud Find Four Points Of Error to Com Plain That a Professional Attorney surely coud have Found one The Appellant seeks A Reversol of his Convicted

Respectfully Submitted

Marcus Braggs

Appellant

# CERTIFICATE OF SERVICE

I Marcus Braggs DO HEREBY State Under Oath That A True And correct copy OF The Appellants Pro se Appeal Brief was mailed on the Dec day of 16th 2014 to The Third COURT OF APPEALS P.O. Box 12547 Austin Texas 78711

And IT was also Requested by The Appellant that due to The Fact that he is An Indigent Incarcarted Appellant, And has no way of Producing Copies, And Therefore it is Respectfully Requested that The Clerk of The court make a copy of The same to THE Bell County District Attorneys Bell County Justice Complex 1201 Huey Road P.O. Box 909 Belton Texas 76513

Respectfully Submitted

Marcus Braggs

Appellant.

Exhibit (A)

CAUSE NO. 70294; 71112

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 27th DISTRICT |
| VS. | § | COURT OF |
| MARCUS BRAGGS | § | BELL COUNTY, TEXAS |

FILED
...p.m. o'clock
MAY 02 2013
SHELIA NORMAN
District Court, Bell County, Texas
By: Susan Montgomery, Deputy Clerk
Signed

## MOTION FOR PSYCHIATRIC EXAMINATION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES MARCUS BRAGGS, the Defendant herein, by and through counsel, and would show unto the Court as follows:

I.

The Defendant herein does not, in the opinion of counsel, have sufficient present ability to consult with counsel to a reasonable degree of rational understanding, and does not have a rational or factual understanding of the proceedings against Defendant.

II.

The facts and circumstances of the alleged offense give rise to the possibility that the Defendant was not competent at the time of the alleged commission of said offense.

III.

In order to determine the present mental status of the Defendant, a psychiatric examination is requested by Counsel for the Defense, pursuant to Article 46.02, Section 3, Texas Code of Criminal Procedure. In order to permit the undersigned attorney to properly and adequately represent said Defendant, it is necessary that the stated attorney be notified of the date, time and place of any examination, so as to allow such attorney for

SCAN



13

Defendant to attend said examination, and in this regard, Counsel for the Defendant expressly objects to any mental examination conducted outside of the presence of Counsel for the Defense. Further, such appointment is required to preserve Defendant's rights under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution, Article 1, Sections 10 and 19 of the Texas Constitution, and Articles 1.04, 1.05 and 1.051, Texas Code of Criminal Procedure.

## IV.

Defendant requests that any expert appointed to conduct the necessary examination be directed to reduce all medical/psychiatric findings pertaining to the Defendant's competence to stand trial to written form, and to include within such written report the methods, tests or procedures utilized in the examination, any observations and/or findings, recommended treatment, and whether or not there is a substantial probability that the Defendant will attain competency to stand trial in the foreseeable future.

WHEREFORE, PREMISES CONSIDERED, Defendant herein, by and through counsel, prays that the Court order the appropriate authorities to conduct a psychiatric examination, in the presence of Defense counsel, to determine the competency of the Defendant to stand trial, in conformity with the law and the relief sought herein.

14

RESPECTFULLY SUBMITTED,

TIM MAHLER
ATTORNEY FOR DEFENDANT
P.O. BOX 266
200 E. CENTRAL AVENUE
BELTON, TEXAS 76513
PHONE: 254-939-5845
FAX: 254-939-5147
STATE BAR #: 12836700

## CERTIFICATE OF SERVICE

As Attorney of Record for Defendant, I do hereby Certify that a true and correct copy of the above and foregoing document was this date provided to the Attorney for the State.

Date: _S-2-13_

Attorney for Defendant

CAUSE NO. 70294; 71112

| THE STATE OF TEXAS | § | IN THE 27th DISTRICT |
| VS. | § | COURT OF |
| MARCUS BRAGGS | § | BELL COUNTY, TEXAS |

## ORDER FOR PSYCHIATRIC EXAMINATION

BE IT REMEMBERED, that on the _2nd_ day of _MAY_, 20_13_ came on to be heard the above and foregoing matter, wherein Defendant, by and through counsel, seeks psychiatric examination to determine the competency of the Defendant to stand trial.

After careful consideration, the Court is of the opinion that such should be:

(✓) GRANTED.

( ) DENIED, to which ruling the Defendant excepts.

( ) SET FOR HEARING ON THE _____ day of _____, 20__, at _____ o'clock ___.

SIGNED:

_John Saunders_
JUDGE PRESIDING

2013 MAY -3 PM 2:56

FILED

16

Exhibit (B)



MH Form 2

Number 70294 and 71112

THE STATE OF TEXAS

VS.

MARCUS DEWAYNE BRAGGS

IN THE DIS...

COURT O...

BELL COU..., TEXAS

FILED

2013 MAY -3 PH 2:30

## ORDER APPOINTING DISINTERESTED EXPERT TO EXAMINE DEFENDANT FOR COMPETENCY UNDER ART. 46B, C.C.P.

On this day, came to be heard the Motion of Tim Mahler, attorney, for appointment of a disinterested expert to examine the defendant, and after considering the Motion, the Court is of the opinion that the Motion should be granted.

IT IS, THEREFORE, ORDERED THAT DR. CHARLES PIERCE, DR. FRANK PUGLIESE, OR OTHER QUALIFIED PERSON be appointed to examine the defendant as to his competency to stand trial and for such expert to report in writing to this Court his findings and to testify at any trial or hearing in connection with the accusation against the defendant.

In connection with the examination, the expert is instructed as follows:

(1) A person is incompetent to stand trial if he does not have:

    (a) Sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding; or
    (b) A rational as well as factual understanding of the proceedings against him/her.

(2) The charge alleged against the defendant is attached to this Order.

(3) No statement made by the defendant during the examination or hearing on his competency to stand trial may be admitted in evidence against the defendant on the issue of guilt in any criminal proceeding.

(4) The appointed expert shall submit a written report to the Court as to the competency of the defendant to stand trial.

copy to. jail
T. Mahler.
L. McWilliams



SCAN



17

(5) The written report of the examination shall be submitted to the Court within thirty (30) days of the order of examination, and the Court shall furnish copies of the report to the defense counsel and the prosecuting attorney. The report shall include a description of the procedures used in the examination, the examiner's observations and recommendations for treatment.

(6) If the examiner concludes that the defendant is incompetent to stand trial, the report shall include the examiner's observations and findings about whether there is a substantial probability that the defendant will attain the competency to stand trial in the foreseeable future.

(7) The examiner shall also submit a separate report setting forth his observations and findings concerning:
(a) Whether the defendant is mentally ill and requires observation and/or treatment or hospitalization in a mental hospital for his own welfare and protection of others; or
(b) Whether the defendant is a mentally retarded person as defined in the Mentally Retarded Persons Act (Article 5547-300 V.A.C.S.) and requires commitment to a mental retardation facility.
(c) A mentally retarded person means a person determined by a comprehensive diagnosis and evaluation to be of subaverage general intellectual functioning with deficits in adaptive behavior.

(8) If the examiner is a physician and concludes that the defendant is mentally ill he shall complete and submit to the Court a certificate of medical examination for mental illness which is attached to this order.

(9) If the examination is conducted by a Unit of the Texas Department of Mental Health and Mental Retardation and the examiner concludes that the defendant is a mentally retarded person, the examiner shall submit to the Court an affidavit setting forth the conclusions reached as a result of the diagnostic examination.

(10) The appointed expert shall be paid a reasonable fee for his services and he shall submit a reasonable estimate of his services to the Court.

Signed and entered this the 2nd day of May, 2013.

John Bull

JUDGE PRESIDING

cc: Sheriff's Office -
District Attorney's Office - Leslie McWilliams
Defense Attorney - Tim Mahler

18

Exhibit C

ORIGINAL

NOS. 70,294
71,112

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 27TH DISTRICT |
| VS. | § | COURT OF |
| MARCUS DEWAYNE BRAGGS | § | BELL COUNTY, TEXAS |

## AGREED ORDER OF COMMITMENT - NON - SECURE FACILITY
## DEFENDANT INCOMPETENT WITH A PROBABILITY OF RECOVERY

On May 13, 2013, this matter came before the Court in connection with the issue of the competency of MARCUS DEWAYNE BRAGGS, Defendant, to stand trial herein.

**Findings of the Court:**

After hearing the testimony of witnesses and considering the evidence presented, the Court found as follows:

MARCUS DEWAYNE BRAGGS is not competent to stand trial.

**Findings of the Court:**

The Defendant has been determined incompetent.

FILED

.......... a.m. .......... p.m. o'clock

MAY 16 2013

SHELIA NORMAN
District Court, Bell County, Texas
By: Susan Montgomery, Deputy Clerk

Signed _____

**Commitment for Restoration to Competency under Chapter 46B**

The Court further finds that MARCUS DEWAYNE BRAGGS is a danger to others and public safety.

The Court, therefore, MARCUS DEWAYNE BRAGGS, Defendant, COMMITTED to and confined to the appropriate facility designated by the Forensic Admissions Clearing House for the Department of State Health Services. The Court further ORDERS that Defendant be confined at said facility for a period not to exceed 120 days for further examination and treatment toward the specific objective of attaining competency to stand trial.

It is further ORDERED that the Sheriff of Bell County take the person of Defendant, MARCUS DEWAYNE BRAGGS, and transport Defendant to said facility.

It is further ORDERED that a copy of this order be sent to the facility to which the defendant is committed. It is further ORDERED that said facility shall be furnished copies of the following made available to the Court during the incompetency hearing:

5/16/13
Copy to:
L McWilliams
T Mahler

SCAN
19

(1) reports of each expert;

(2) psychiatric, psychological, or social work reports that relate to the mental condition of the defendant;

(3) documents provided by the attorney representing the State or the attorney representing the Defendant that relate to the Defendant's current or past mental condition;

(4) copies of the indictment or information and any supporting documents used to establish probable cause in the case;

(5) the Defendant's criminal history record; and

(6) the addresses of the attorney representing the State and the attorney representing the Defendant.

It is further ORDERED that the court reporter forthwith prepare a transcript of all medical testimony received by the jury or Court, and that such transcript be forwarded to said facility.

## Treatment Program:

It is further ORDERED that the facility to which the Defendant is committed shall:

(1) develop an individual program of treatment;

(2) assess and evaluate whether the Defendant will obtain competency in the foreseeable future; and

(3) report to the Court and to the local mental health authority or to the local mental retardation authority on the Defendant's progress toward achieving competency.

It is further ORDERED that if the Defendant is committed to an impatient mental health facility or to a residential care facility, the facility shall report to the Court at least once during the commitment period. If the Defendant is released to a treatment program not provided by an inpatient mental health facility or a residential care facility, the treatment program shall report to the Court:

(1) not later than the 14th day after the date on which the Defendant's treatment begins; and

(2) until the Defendant is no longer released to the treatment program, at least once during each 30-day period following the date the aforementioned report is required.

20

## Return to Committing Court:

It is further ORDERED that MARCUS DEWAYNE BRAGGS, Defendant, shall be returned to this Court as soon as practicable after the earliest of the following dates:

(1)     the date on which the facility determines that the Defendant has attained competency;

(2)     the date on which the facility determines that the Defendant will not attain competency in the foreseeable future; or

(3)     the date on which the term of commitment expires.

## Notice to Committing Court:

It is further ORDERED that the head of a facility to which MARCUS DEWAYNE BRAGGS, Defendant, has been committed under this subchapter, not later than the 14th day before the date on which a commitment order is to expire, shall notify this Court that the term of the commitment is about to expire.

The Court further finds that the head of the facility to which the Defendant has been committed under this subchapter shall promptly notify the committing Court when the head of the facility is of the opinion that:

(1)     the Defendant has attained competency to stand trial; or

(2)     the Defendant will not attain competency in the foreseeable future.

If the head of the facility to which the Defendant has been committed notifies the Court that the commitment order is about to expire, the notice may contain a request for an extension of the commitment order for a period of 60 days and an explanation for the basis of the request.

## Report By Facility Head:

It is further ORDERED that when the head of a facility to which MARCUS DEWAYNE BRAGGS, Defendant, is committed, discharges the Defendant and the Defendant is returned to the committing court, the head of the facility shall file a final report with the court stating the reason for the discharge. The Court shall furnish copies of the report to the defense counsel and the prosecuting attorney.

It is further ORDERED that if the head of the facility believes that the Defendant is a person with mental illness and meets the criteria for court-ordered inpatient mental health services under Subtitle C, Title 7, Health and Safety Code, the head of the facility shall submit to the court a certificate of medical examination for mental illness. The head of the facility shall include in the final report a list of the types and dosages of medications wityh which the defendant was treated for mental illness while in the facility.

21

Furthermore, if the head of the facility is of the opinion that the Defendant is a person with mental retardation, the head of the facility shall submit to the Court an affidavit stating the conclusions reached as a result of the examination.

## Return of Defendant to Court to Determine Competency:

It is further ORDERED that on the return of MARCUS DEWAYNE BRAGGS, Defendant, to the committing court, the court shall make a determination with regard to the Defendant's competency to stand trial. The Court may make the determination based solely on the report filed under Article 46B.080(b), unless any party objects in writing or in open court to the findings of the report not later than the 15th day after the date on which the report is served on the parties.

## Subsequent Determination of Competency:

It is further ORDERED that if MARCUS DEWAYNE BRAGGS, the Defendant, is found competent to stand trial, criminal proceedings against the Defendant may be resumed.

It is further ORDERED that if MARCUS DEWAYNE BRAGGS, the Defendant, is found incompetent to stand trial and if all charges pending against the Defendant are not dismissed, the Court shall proceed under Subchapter E of Article 46B of the Texas Rules of Criminal Procedure.

It is further ORDERED that if MARCUS DEWAYNE BRAGGS, the Defendant, is found incompetent to stand trial and if all charges pending against the Defendant are dismissed, the Court shall proceed under Subchapter F of Article 46B of the Texas Rules of Criminal Procedure.

## Recommitment Prohibited:

It is further ORDERED that a Defendant committed under this subchapter may not be recommitted in connection with the same offense under Subchapter D of Article 46B of the Texas Rules of Criminal Procedure.

SIGNED on May 16 , 2013.

_____
JUDGE PRESIDING

APPROVED:

_____
ATTORNEY FOR DEFENDANT

_____
ASSISTANT DISTRICT ATTORNEY

22

Exhibit (D)

NO. 70,294

THE STATE OF TEXAS § IN THE 27TH DISTRICT **FILED**

VS. § COURT OF

MARCUS DEWAYNE BRAGGS § BELL COUNTY, TEXAS SEP 26 2013

SHELIA NORMAN
District Court, Bell County, Texas
By: Susan Montgomery, Deputy Clerk
Signed

## JUDGMENT RESTORING COMPETENCY

The defendant, MARCUS DEWAYNE BRAGGS, having been found to be mentally incompetent to stand trial on the 6th day of May, A.D. 2013; and the defendant having been committed for treatment to Montgomery County Mental Health Treatment Facility and the head of that facility having informed this Court on the 3rd day of September, A.D. 2013; that said defendant is now competent to stand trial; and a copy of the report from the head of the facility having been served on the District Attorney and the attorney for the defendant; and *the fifteen day period having expired with no objections to the report having been presented, in writing or in open court, by the District Attorney or the attorney for the defendant* and this Court having examined the medical report which states that the defendant has now attained competency to stand trial and it appearing to this Court that the defendant is presently competent;

It is ADJUDGED and DECREED that the Defendant, MARCUS DEWAYNE BRAGGS, is now competent to stand trial.



_____
JUDGE PRESIDING



9-27-13

24

Marcus Dewayne Braggs
1500 East Lang Don Rd. 1a346535
Dallas Tx 75241
Hutchins Unit

Court of Appeals Third District
P.O. Box 12547
Austin Texas 78711-2547

